**IFOPO of Fagatogo, Plaintiff**

**v.**

**LUTU of Fagatogo, Defendant**

No. 39-1961

High Court of American Samoa

Civil Jurisdiction, Trial Division

August 9, 1961

Ifopo *pro se.*
Lutu *pro se.*

OPINION OF THE COURT

MORROW, *Chief Judge.*

Ifopo filed his petition seeking a mandatory injunction requiring the defendant to remove from the palagi house occupied by his sister Leata an extension built on the south side of the house, the extension being ten feet in length and approximately that in width. The plaintiff claims that the extension projects out over land claimed to be the communal family land of the Ifopo Family. The house is in Faga-togo.

The house on which the extension was built was put up in 1948. It has been occupied by Lutu people ever since. Ifopo did not object to the erection of the palagi house. Prior to the erection of the house in 1948 an oblong Sa-moan house stood on the place where the palagi house was built. The Samoan house was put up in 1935. It was occu-pied by Leata's parents and some other Lutu aiga. It ap-peared from the testimony that both Lutu and Ifopo are descended from the same people. However, they have different lands. And we are convinced from the testimony that if any Ifopo people lived in the Samoan house together

with the Lutu people (and there was some evidence that they did), such Ifopo people lived in it by permission of the Lutu people. Our conclusion from the evidence is that the Lutu people have occupied and possessed the land on which the palagi house is built for more than 20 years under circumstances making their possession adverse to any claim of Ifopo to such land; and that if the Ifopo people ever had any interest in such land (and we do not believe they did), such interest has been wiped out by the adverse possession of the Lutu people for more than 20 years.

■ Adverse possession for the statutory period operates to divest the true owner of his title and to vest it in the adverse possessor. The Supreme Court of the United States announced this rule in the case of *Maxwell Land Grant Co. v. Dawson*, 151 U.S. 586, 607. Section 907(2) of the Code of American Samoa provides that the "statutory period governing acquisition of land by adverse possession" shall be 20 years. The editors of Corpus Juris Secundum state that "the rule which is of almost universal acceptation is that an adverse possession, accompanied by the essential prerequisites for the statutory period, not only bars an action for the recovery of the land but vests a full legal title in the possessor. Under that rule, the authorities hold that the title of the original owner is completely divested." 2 Corpus Juris Secundum 803.

However, we do not understand from Ifopo's testimony that he claims any of the land within the area included within the four walls of the palagi house built in 1948, but only the south part of the part of the land south of the house over which the 10-foot extension projects.

The Court viewed the land involved in this dispute in the presence of both parties just prior to the hearing. There is a breadfruit tree by the highway going past the house. There is a very low stone wall (the judges saw the tree and the wall) extending from the breadfruit tree in a westerly

direction (i.e. toward Fagasa). This stone wall is substantially parallel to the south wall of the palagi house and in the neighborhood of 20 or 25 feet from the wall. This is an estimate only. The Court did not have the distance from the south wall of the house to the stone wall measured. This wall was erected by the Ifopo people. Ifopo testified that it was put up to keep the water from rains running over against the palagi house. Being made of loose rocks and low at the same time water could, as a matter of fact, easily go through and over the wall. He also testified that it was built to keep soil and rock from his land just south of the wall from getting over on the land between the wall and the palagi house.

There was evidence that the Lutu people had gotten the breadfruit from the tree; and there was also evidence, somewhat contradictory, that Ifopo people had also gotten some breadfruit from the tree. There is a concrete electric light pole between the wall and the house which is some four or five feet from the house. The Lutu people gave permission to the Government to put up the pole and the Government paid Afoa Lutu $1.00 a year for keeping the pole there.

■ After Lutu and Leata began the erection of the extension in early 1961, a dispute arose between Lutu and Ifopo as to the boundary line. Ifopo testified that he and Lutu settled the dispute by agreeing that the boundary line ran through the electric light pole while Lutu testified the agreed line began at the breadfruit tree and extended westerly along the low stone wall put in by the Ifopo people.

"Although there was in the early cases much doubt as to the validity or legal force of parol agreements and submissions to settle disputed boundary lines, it is now a well settled principle of law that an unascertained or disputed boundary line dividing the lands of adjoining owners may be permanently and irrevocably established by a parol agreement of the adjoining owners." 8 American Jurisprudence 797.

After the boundary line was agreed upon by Lutu and Ifopo, Ifopo acquiesced in the line agreed upon for sometime.

It is our conclusion that the evidence preponderates in favor of the view that the boundary line between the Lutu land and Ifopo begins at the breadfruit tree and extends in a westerly direction along the stone wall. Both of the Samoan judges and the presiding judge take that view of the evidence. All of us saw the breadfruit tree, the rock wall, the electric pole, the palagi house and the extension when we viewed the land; in addition, we heard the testimony and saw the witnesses. That rock wall has the appearance of being the boundary between the land of Lutu north of it and the land of Ifopo south of it. It was erected by the Ifopo people and has been there for some years.

In our view of the evidence, it is our conclusion that the rock wall is the boundary line. The extension projects out about 10 feet from the house erected in 1948 by the Lutu people, but it does not reach the stone wall by several feet. It is our opinion that the plaintiff's petition should be dismissed.

### ORDER OF DISMISSAL

Accordingly, it is ORDERED that the petition of the plaintiff Ifopo should be and the same is hereby dismissed.

Costs in the sum of $18.75 are hereby assessed against Ifopo, the same to be paid within 30 days.